Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 08 2014, 10:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN P. WILSON**
Wilson & Wilson
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON KEITH SCOTT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.41A01-1311-CR-499 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JOHNSON CIRCUIT COURT
The Honorable K. Mark Loyd, Judge
Cause No. 41C01-1107-FD-379

**August 8, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Following a bench trial, Jason Scott was convicted of Operating a Vehicle While Intoxicated[1] (OWI) as a class D felony. Scott now appeals, presenting two issues for our review:

1. Did the State present sufficient evidence to sustain Scott's conviction?

2. Is the sentence imposed inappropriate?

We affirm.

On June 25, 2011, Greenwood Police Officer Jay Arnold was dispatched to respond to a suspected impaired driver. Officer Arnold found a vehicle matching the description and plate number stopped at a traffic light. When the light changed, the driver drove through the intersection, pulled over to the shoulder, and turned on his hazard lights. Officer Arnold thought the vehicle might be disabled, so he pulled behind it and activated his emergency lights. When Officer Arnold approached the vehicle, he smelled alcohol inside the passenger compartment and observed the passenger in the front seat not wearing a seatbelt. Scott was driving the vehicle, his girlfriend, Julie Thorpe, was in the front passenger seat, and Thorpe's young child was in the backseat. When Officer Arnold asked Scott for his driver's license, Scott told the officer that his license was suspended. Thorpe was allowed to drive the vehicle away and Scott was taken into custody. At the station, Scott failed multiple field sobriety tests and a breath test showed that that he had an alcohol concentration equivalent (ACE) of .18 of a gram of alcohol per 210 liters of breath.

---

[1] The version of the governing statutes, i.e., Ind. Code Ann. § 9-30-5-3 (West, Westlaw 2011) and I.C. § 9-30-5-1 (West, Westlaw 2011) in effect at the time this offense was committed classified it as a class D felony. This statute has since been revised and in its current form reclassifies the offense as a Level 6 felony. *See* I.C. § 9-30-5-3 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly). The new classification, however, applies only to offenses committed on or after July 1, 2014. *See id.* Because this offense was committed on June 25, 2011, it retains the former classification.

Scott was arrested and charged with multiple OWI offenses. Ultimately, Scott was convicted of OWI as a class D felony and found to be a habitual substance offender. The trial court sentenced Scott to eight years in the Department of Correction: three years for the offense, enhanced by five years for being a habitual substance offender. Scott now appeals.

1.

Scott argues the State presented insufficient evidence to support his OWI conviction. When considering a challenge to the sufficiency of evidence to support a conviction, we respect the fact-finder's exclusive province to weigh conflicting evidence and therefore neither reweigh the evidence nor judge witness credibility. *McHenry v. State,* 820 N.E.2d 124 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the verdict, and "must affirm 'if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.'" *Id.* at 126 (quoting *Tobar v. State,* 740 N.E.2d 109, 111–12 (Ind. 2000)).

In support of his argument concerning the sufficiency of the evidence, Scott makes multiple allegations, including sloppy police work by the initial investigating officer, lack of probable cause and/or reasonable suspicion,[2] failure to establish corroborating evidence of the seatbelt violation, and failure to present evidence concerning the police informant.[3]

---

[2] Scott makes no argument on appeal concerning the admission or suppression of any evidence.

[3] Scott's argument that the State failed to meet its burden of proof to establish that Scott endangered anyone is irrelevant because Scott was not convicted of OWI causing endangerment. *See* I.C. § 90-30-5-2 (West, Westlaw 2011).

These claims are nothing more than invitations to reweigh the evidence, which we will not do. To support Scott's class D felony OWI conviction, the State was required to prove that Scott operated a vehicle with an ACE of at least .15 grams of alcohol per 210 liters of breath and had a previous OWI conviction that occurred within the 5 years immediately preceding the current offense. I.C. § 9-30-5-1; I.C. § 9-30-5-3. The State provided evidence that Scott had an ACE of .18 and Scott admitted that he was driving the vehicle. Scott had a prior OWI conviction in 2010. This evidence is sufficient to support Scott's OWI conviction.

2.

Finally, Scott argues that his eight-year sentence is inappropriate in light of the nature of the offense and the character of the offender. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State,* 895 N.E.2d 1219 (Ind. 2008). Pursuant to App. R. 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State,* 917 N.E.2d 675, 693 (Ind. 2009). Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State,* 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).

4

Whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State,* 895 N.E.2d at 1224. Furthermore, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id.* at 1225. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

Scott was sentenced to a three years for the class D felony, enhanced by five years for being a habitual substance offender. A class D felony has a sentencing range of six months to three years, with an advisory sentence of one and one-half years. Ind. Code Ann. § 35-50-2-7 (West, Westlaw 2012). Habitual substance offenders face an additional fixed sentence of three to eight years imprisonment. I.C. § 35-50-2-10(f) (West, Westlaw 2011). Scott received an eight-year aggregate sentence.

With regard to the nature of the offense, Scott had a suspended driver's license at the time of the offense. Furthermore, Scott put not only himself at risk, but Thorpe and her young child in the backseat as well. As to the character of the offender, we observe that Scott's criminal history includes multiple felony and misdemeanor convictions, including domestic battery as a class D felony, criminal recklessness as a class D felony, battery resulting in bodily injury, driving while suspended, and conversion. Scott's lengthy history

5

of criminal activity is indicative of his disregard for the law and provides ample justification for the sentence imposed.  Scott has failed to meet the burden of persuading this court that his eight-year sentence was inappropriate.

Judgment affirmed.

Vaidik, C.J., and May, J., concur.